THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SHARI KIMOTO,<br><br>    Plaintiff,<br><br>vs.<br><br>NATURE'S SUNSHINE PRODUCTS,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br>Case No. 2:22CV638 DAK-DAO<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Nature's Sunshine Products' ("NSP") Motion to Dismiss, Defendant's Motion to Take Judicial Notice, and Plaintiff Shari Kimoto's (Ms. Kimoto") Cross-Motion for Leave to Amend. On May 4, 2023, the court held oral argument on the motions via Zoom videoconferencing.  At the hearing, Alexander W. Leonard represented Ms. Kimoto, and Gregory M. Saylin and Michael Harmond represented NSP.  At the conclusion of the hearing, the court took the motions under advisement. The court has carefully considered the memoranda filed by the parties, the arguments made by counsel at the hearing, and the law and facts pertaining to the motions. Now being fully advised, the court issues the following Memorandum Decision and Order denying NPS's Motion to Dismiss, granting its Motion to Take Judicial Notice, and denying as moot Ms. Kimoto's Motion for Leave to Amend Complaint.

1

## BACKGROUND

Plaintiff Shari Kimoto asserts various employment-related claims against her employer, NSP. She asserts claims for age discrimination under the Age Discrimination in Employment Act ("ADEA"), discrimination and retaliation under the Americans with Disabilities Act ("ADA"), and discrimination and retaliation under the Family and Medical Leave Act ("FMLA"). NSP seeks to dismiss all of the causes of action in Plaintiff's Complaint.

Specifically, NSP seeks to dismiss the first, second, and third causes of action, arguing that Plaintiff filed them outside the 90-day limitations period set forth in the Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC"). As for the fourth cause of action under the FMLA, NSP argues that it should be dismissed because it fails to meet the pleading requirements established by *Twombly* and *Iqbal* in that Plaintiff has failed to allege the requisite causation other than mere recitation of the elements.

Ms. Kimoto has worked for NSP since March 2012, and she continues to work there currently. She previously worked as the Special Assistant to the President and CEO for 9 years (spanning three different executives) until, she claims, she was subjected to retaliation for exercising her rights under the FMLA. She also claims that she was discriminated against because of her association with a person with a disability (*i.e.*, her mother, for whom she was caring), and/or because of her age.

Ms. Kimoto asserts that in January 2021, she requested FMLA leave to care for her ailing mother, who she claims is a disabled person under the ADA. In February 2021, NPS approved Ms. Kimoto's FMLA request to take leave. She then used her FMLA leave to care for her mother,

returning in the latter part of May. She alleges that she was subjected to retaliation for having taken FMLA leave.

Specifically, Ms. Kimoto alleges that she was informed that she had been demoted to Special Assistant to the Head of Supply Chain, which required her to commute an additional thirty minutes each day. In addition, she claims that her duties were inferior to those she had previously performed and that she lost the bonus and compensation opportunities she had in her previous position. Ms. Kimoto also alleges that her previous position was filled by a younger, less qualified employee with no prior work experience at NSP. Also, Ms. Kimoto claims that after returning from leave, she was denied the opportunity to work remotely on the same terms as comparable employees in similar positions—and contrary to the remote work arrangement she was allowed to perform prior to her FMLA leave. She states that she previously had been allowed to work remotely on Mondays and Fridays so that she could care for her mother in California.

After more time had passed, she was informed that she was going to be reassigned to the EVP of Global Supply Chain. After she became eligible for FMLA leave again (*i.e.*, after 12 months had passed), she requested leave on or about May 27, 2022, to care for her mother full-time from June 7, 2022, to August or September 2022. NSP approved her request for leave. She claims, however, that she again suffered adverse employment actions and retaliation because of the second FMLA request and leave. Specifically, she asserts, after she requested this leave, the HR department summarily ended her ability to work from home, despite her new supervisor having no prior objection to this agreement. She also claims that she was not

informed of any business reason for not being able to work remotely and that when she returned, on about September 6, 2022, she was not restored to an equivalent position and has been treated differently.

## LEGAL STANDARD

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendants are liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a motion to dismiss, the court assumes the truth of "all well-pleaded facts in the complaint, and draw[s] all reasonable inferences therefrom in the light most favorable to the plaintiffs." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

## DISCUSSION

**I.        Timeliness of Complaint**

Plaintiff alleges in her Complaint that she "requested a Notice of Right to Sue from the EEOC, and this action has been commenced within 90 days of her receipt of any such notice from the EEOC." NSP, however, argues that not only does Plaintiff fail to plead specific dates (or to attach the Notice of Right to Sue to her Complaint), but that her allegation is "manifestly false." Because she did not plead a specific date, NSP claims that the actual receipt date is "unknown," and that this Court should therefore apply either a three-day or five-day presumption of receipt. *See Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001). Under

either presumption (three or five days), NSP maintains that that Plaintiff's first three causes of action are untimely.

The EEOC issued to Plaintiff a 90-day Notice of Right to Sue on June 22, 2022.[1] Adding the three-day presumptive mailing period, according to NSP, she would have received the Notice on June 25, 2022, which would create a filing deadline of September 26, 2022 (because September 25, 2022, fell on a Sunday, the deadline is moved to September 26, 2022). However, NSP argues, Plaintiff filed her Complaint on September 30, 2022—four days after the filing deadline. Accordingly, NSP argues, Plaintiff's ADA and ADEA claims are time-barred and should be dismissed without leave to amend.  NSP argues that even if this court presumed a five-day mailing period, the deadline would have been on September 27, 2022, still rendering her Complaint three days late.

In her response, Ms. Kimoto argues that she received the Notice of Right to Sue on July 2, 2022, and she has attached a declaration so stating.[2] She claims that by filing her lawsuit on September 30, 2022, she was within the 90-day limitation period. "In determining the date of actual receipt, a court may rely upon affidavits stating personal knowledge of the receipt date." *Lozano*, 258 F.3d at 1165 (citing *Witt v. Roadway Express*, 136 F.3d 1424, 1429-30 (10th Cir.

---

[1] *See* ECF No. 15-1, Request for Judicial Notice, Exhibit A ("Your lawsuit . . . **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.") (emphasis in original).

[2] NSP argues that the court cannot consider Plaintiff's Declaration in the context of a Motion to Dismiss, and thus, they assert, they prevail on the untimeliness argument.  As discussed below, the court agrees that it cannot consider Ms. Kimoto's Declaration, but that determination is not fatal to Ms. Kimoto's Complaint.

5

1998) (finding that the claimant's affidavit, stating that he received in mid-March a document that had been mailed on January 28, rebutted the five-day receipt presumption)).

Moreover, regardless of her Declaration, she argues, her allegation in her Complaint that she commenced this action within 90 days of her receipt of the Right to Sue Notice must be taken as true in the context of Defendant's Motion to Dismiss. She also contends that there is no indication that the date of receipt is "unknown or in dispute," as argued by NSP, and thus, there is no reason to apply a presumption of a 3- or 5-day mailing period, which applies only when the date of receipt is unknown.

The court agrees with Ms. Kimoto for several reasons.  First, in the context of a Motion to Dismiss, the court must accept as true her allegation that she commenced this action within 90 days of her receipt of the Right to Sue Notice. Thus, the court finds that her Complaint was timely filed.

Second, even if this court applied a mailing-time presumption, it would still find that Ms. Kimoto's Complaint was timely filed. While the court agrees with NSP that it may not properly consider Plaintiff's Declaration in the context of a Motion to Dismiss, the court grants NSP's Motion to Take Judicial Notice of the Notice of Right to Sue, dated June 22, 2022. *See Ross v. Staffmark Grp.*, 855 Fed. Appx. 455, 457 (10th Cir. 2021); *see also Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999) ("if a defendant attaches to a 12(b)(6) motion materials referred to by the plaintiff [in her complaint] and central to [her] claim, the court has discretion to consider such materials.").

Given the date stamp on the Notice of Right to Sue and applying a three- or five-day presumption means that Plaintiff perhaps filed her Complaint a mere three or four days late. In light of the recent COVID-19 Pandemic and the well-publicized and well-documented delivery delays for mail sent through the United States Postal Service,[3] the court declines to apply what the court considers to be an outdated mailing-time presumption, especially when Plaintiff's Complaint was filed just a few days late, if it was late at all.[4] Therefore, the court denies NSP's Motion to Dismiss Plaintiff's claims as time-barred.

## II. FMLA Discrimination/Retaliation Claim

NSP argues that Plaintiff's cause of action for violation of the FMLA fails to allege a causal connection between Plaintiff's protected activity and the adverse action and that Plaintiff's assertion in her Complaint that there is a causal connection between her FMLA protected request for leave and taking of leave and the adverse action is not enough.

---

[3] *See Small Impacts of USPS Delays*, Business News Daily, found at https://www.businessnewsdaily.com/15791-small-business-impacts-of-usps-delays.html (updated February 21, 2023) (Postmaster General Louis DeJoy's 10-year plan, announced in 2021, implements money-saving changes, such as slowing mail delivery that will affect the services of the USPS dramatically. In addition, ongoing COVID-19 impacts still limit transportation availability, according to the USPS); *The Postal Service Presses Forward With Unpopular Plan to Slow Some Mail Delivery*, NPR, found at https://www.npr.org/2021/08/06/1025488630/the-postal-service-presses-forward-with-unpopular-plan-to-slow-some-mail-deliver (updated August 6, 2021)("The Postal Service said that its three- to five-day standard for first-class mail delivery was met just 83.6% of the time in its fiscal year third quarter, compared with 88.9% in the same period last year.").

[4] NSP may conduct discovery on this issue, and if it unearths evidence that suggests Plaintiff did not file her Complaint within 90 days of receiving the notice, it may present that evidence at trial.

Plaintiff, however, has alleged far more than a mere statement that a causal connection exists. Her Complaint details that, after she returned from FMLA leave, she was, among other things: demoted; given inferior duties and responsibilities in comparison to those she had prior to her FMLA leave; reassigned to a less convenient office location; not provided with the necessary connectivity and items to complete the necessary functions of her duties; no longer eligible for the same bonuses and compensation as before her leave; treated differently by leadership; denied the opportunity to work remotely without explanation, despite being able to do so prior to her FMLA leave and when other employees (who did not request FMLA leave) were allowed the opportunity; and replaced by a less-qualified employee. There are also allegations regarding similarly situated employees being treated more favorably than Plaintiff with a temporal proximity between Plaintiff's request for and taking of FMLA leave and the adverse actions that resulted. Moreover, she alleges that "[t]hroughout her employment, [she] was recognized as a valuable and excellent employee of NSP. However, since her FMLA leave and the issues associated with caring for her disabled mother, she has been treated differently and adversely by NSP and its leadership." *See* Comp. ¶ 37. The court finds that Plaintiff has sufficiently pleaded a causal connection between her protected activity and the alleged adverse actions. Thus, Defendant's Motion to Dismiss the FMLA claim is denied.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [ECF No. 14] is DENIED. Defendant's Motion to take Judicial Notice [ECF No. 15] is GRANTED, and Plaintiff's Motion for

Leave to Amend Complaint [ECF No. 21] is DENIED AS MOOT.

DATED this 7th day of June, 2023.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge